◼ ARTHUR DUFFY et al., Appellants, v. CLARENCE HOCH, SR., Respondent.— GIBSON, P. J. Appeal by plaintiffs from so much of an order of the County Court of Madison County as granted defendant's motion to set aside a verdict of $4,250 in favor of plaintiffs as excessive, unless plaintiffs should stipulate to reduce the same to $2,250; in an action in fraud to recover damages sustained by plaintiffs in the purchase of a house upon defendant's representation that the premises were adequately supplied with water. Plaintiffs called as their expert a licensed real estate broker of 15 years' experience. After preliminary objections which were cured by further testimony as to his familiarity with the property, which had once been listed with him, and as to his inspections thereof, he testified, without objection, that the market value of the property on the date of the sale, assuming an adequate supply of water for household use, was $6,500 and that its value without such water was $3,250. Thus, plaintiffs' damage, as against the purchase price of $7,500 paid by them, was $4,250, according to the court's subsequent charge. Defendant's

expert witness was the broker who negotiated the sale to plaintiffs. In the course of his somewhat confused testimony, he twice indicated that his valuation of $7,500 assumed "plenty of water" while his saleswoman testified that the plaintiffs purchased the property after being informed by defendant that the water supply occasionally ran dry. The trial court correctly charged the jury as to the elements of plaintiffs' cause of action necessarily to be proven to enable them to recover and stated that if plaintiffs were found to be entitled to recover, the jury "must compute or figure this by placing a value upon the house and lot as represented by the Defendant with respect to well water and then fix a value to the premises as these premises were in fact received by the Plaintiffs, and the difference between these two figures represents the damages suffered by these Plaintiffs"; and, again, that "the amount of damages, if any, is the difference between the value of the property as represented and the value of the property as it was in fact delivered." The defendant did not except to this or to any other part of the charge and he submitted no request to charge; nor did the Trial Judge at any time limit the above-quoted instructions as to damages. Defendant did not appeal from the order which, in effect, denied his motion upon every ground except the excessiveness of the verdict, which is, therefore, the sole issue before us. In its opinion, written on denying defendant's motion to set aside the verdict as against the weight of the evidence and granting it conditionally on the ground of excessiveness, the trial court evaluated the weight and credibility of the unimpeached expert evidence which, in its charge, it had correctly instructed the jury to assay. Upon this record, we cannot say that the evidence which the jury chose to accept, under the court's unchallenged instructions, was either incredible or inadequate. Order, insofar as appealed from, reversed; verdict reinstated and entry of judgment thereon directed; with costs to appellants. Reynolds, Taylor, Aulisi and Staley, Jr., JJ., concur.